United States Bankruptcy Court, Eastern District of New York

In re:                                                    )
CMC Capital Management Co, LCC,    )        Chapter  7
                          DEBTOR.    )        Case No. 11-42852-JBR
                                       )

**DECISION AND ORDER REGARDING MOTION FOR RECONSIDERATION**

This matter having come before the Court on the Motion to Reconsider Chapter 11 Conversion to Chapter 7 and Order Stay Back (the "Motion") (Docket No. 41) and after due consideration of the Motion for Relief from Stay, in addition to Motion to Prohibit Use of Cash Collateral, or in the alternative Motion for Adequate Protection (Docket No. 21) and Order to Show Cause why the case should not be converted or dismissed (Docket No. 24) and the Court's Order Converting Chapter 11 to one under Chapter 7 (Docket No. 36) and Order Granting Motion for Relief from Stay (Docket No. 39), the Court hereby makes the following findings of fact and conclusions of law:

    1.  A motion to reconsider is governed by Fed. R. Civ. P. 59(e) made applicable to bankruptcy cases by Fed. R. Bankr. P. 9023 or Fed. R. Civ. P. 60 made applicable to bankruptcy cases by Fed. R. Bankr. P. 9024.  "[T]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.  A party may not submit evidence that is not newly discovered in support of a motion for reconsideration." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert denied*, 476 U.S. 1171 (1986) (citations omitted).  A motion for reconsideration is appropriate when there has been a significant change in the law or facts since the submission of the issue to the court; it is not a vehicle for an unsuccessful party to rehash the same facts and same arguments previously presented. *Keyes v. National*

*Railroad Passenger*, 766 F. Supp. 277, 280 (E.D.Pa. 1991).

2. The Court's Order Converting Chapter 11 to one under Chapter 7 (Docket No. 36) and Order Granting Motion for Relief from Stay (Docket No. 39) were granted for the reasons set forth on the record at the June 13, 2011 hearing including, but not limited to, the Debtor's lack of proper insurance, the Debtor's lack of adequate protection and failure to make post petition payments and pay taxes, the Debtor's use of cash collateral without the Court or Creditor's consent; the Debtor's failure to pay taxes, and the need for emergency repairs to real property which created a lien on property of the estate.

3. The Motion fails to allege any newly discovered evidence, any manifest error of law, or any significant change in the law that would affect Court's decision on June 13, 2011.

Therefore, for the foregoing reasons, the Motion is hereby DENIED.



**Dated: June 22, 2011**
**Brooklyn, New York**

**Joel B. Rosenthal**
**United States Bankruptcy Judge**