UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:                                               Case No.: 11-42852-JBR

CMC Capital Management Co., LLC                      Chapter 7

                                            Debtor.
-----------------------------------------------------x

**DECISION AND ORDER REGARDING DEBTOR'S JULY 8, 2011 MOTIONS**

WHEREAS, the Debtor filed five motions on July 8, 2011, a Motion Seeking Short Notice to Order Attorney to Refund Legal Fees to Obtain New Counsel, and Order Approval to Use Rents to Retain Counsel (Docket No. 48); a Motion Seeking Short Notice to Extend Time to File Notice of Appeal (Docket No. 49); a Motion Seeking Short Notice for Removal of Automatic Stay in addition to Motion for 2004 Examination and Opportunity to bring in all documents given to Trustee (Docket No. 50); a Motion Seeking Short Notice to Provide New Evidence to Support and Execute Chapter 11 Plan and Request Conference with both banks to adopt a modification plan (Docket No. 51); and a Motion Seeking Short Notice to Order a Stay in Chapter 7 to allow time to retain new counsel, get reimbursement from prior counsel, and order/authorize use of rental funds to retain new counsel (Docket No. 52) (the "July 8, 2011 Motions"); and

WHEREAS, the Court issued an Order Converting Chapter 11 to one under Chapter 7 (Docket No. 36) and an Order Granting Motion for Relief from Stay (Docket No. 39) for the reasons set forth on the record at the June 13, 2011 hearing including, but not limited to, the Debtor's lack of proper insurance, the Debtor's failure to provide adequate protection and failure to make post petition payments and pay taxes, the Debtor's use of cash collateral without a court or creditor's consent; and

the need to make repairs to real property which were provided by the City of New York and created a lien of approximately $40,000.00 on the real property; and

WHEREAS, on June 22, 2011, the Court denied the Debtor's Motion to Reconsider Chapter 11 Conversion to Chapter 7 and Order Stay Back for failure to allege any newly discovered evidence, any manifest error of law, or any significant change in the law that would affect Court's decision on June 13, 2011 (Docket No. 42) ; and

WHEREAS, the Court has reviewed the Debtor's July 8, 2011 Motions; the Court hereby

FINDS, that the Debtor's time to file an appeal from the Court's July 13, 2011 decision has passed. Pursuant to Bankruptcy Rule 8002(a), appeals must be filed within 14 days of the date of entry of the Court's order.  Upon a showing of excusable neglect a request to extend the time to file a notice of appeal may be filed no later than 21days from the expiration of the time for filing a notice of appeal otherwise prescribed by this rule or 14 days from the date of entry of the order granting the motion, whichever is later. Bankruptcy Rule 8002(c)(2).  However, the Court cannot grant an extension of time to file an appeal on an order granting relief from an automatic stay under Bankruptcy Rule 8002(c)(1)(A).  Here, the Debtor does not assert nor does the Court find excusable neglect on behalf of the Debtor to warrant an extension of the time to file a notice of appeal, and the Court does not believe that it can extend the time to file an appeal under Bankruptcy Rule 8002(c)(1)(A).  For these reasons, the Court determines that Debtor's Motion Seeking Short Notice to Extend Time to File Notice of Appeal (Docket No. 49) and Motion Seeking Short Notice for Removal of Automatic Stay in addition to Motion for 2004 Examination and Opportunity to bring in all documents given to Trustee (Docket No. 50); are hereby DENIED.

The Court also determines that the Debtor's Motion Seeking Short Notice to Order Attorney to Refund Legal Fees to Obtain New Counsel, and Order Approval to Use Rents to

Retain Counsel (Docket No. 48) and Motion Seeking Short Notice to Provide New Evidence to Support and Execute Chapter 11 Plan and Request Conference with both banks to adopt a modification plan (Docket No. 51) are motions for reconsideration of the Court's July 13, 2011 findings and the Court's June 22, 2011 Order (Docket No. 42).  As the issues have been fully addressed by the Court in previous findings and orders, the Court hereby DENIES Motion Seeking Short Notice to Provide New Evidence to Support and Execute Chapter 11 Plan and Request Conference with both banks to adopt a modification plan (Docket No. 51).  The Court also DENIES without prejudice the Motion Seeking Short Notice to Order Attorney to Refund Legal Fees to Obtain New Counsel, and Order Approval to Use Rents to Retain Counsel (Docket No. 48).  The Court believes that any action for the return of legal fees is a claim that belongs to the Chapter 7 Trustee.

In addition, the Debtor's Motion Seeking Short Notice to Order a Stay in Chapter 7 to allow time to retain new counsel, get reimbursement from prior counsel, and order/authorize use of rental funds to retain new counsel (Docket No. 52) is hereby DENIED without prejudice. Again, the Court believes that any action for the return of legal fees from Debtor's counsel is a claim that belongs to the Chapter 7 Trustee.  The Debtor is not authorized as a Chapter 7 debtor to use cash collateral rental funds to obtain counsel and is not authorized to interfere in the collection of rents by the Chapter 7 Trustee. The Court also notes that as a corporation the Debtor cannot appear without counsel.

For the reasons stated above, the Debtor's July 8, 2011 Motions are hereby DENIED.

IT IS SO ORDERED.

**Dated: July 11, 2011**
**Brooklyn, New York**

_Joel B. Rosenthal_
**Joel B. Rosenthal**
**United States Bankruptcy Judge**