UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:                                                                    Case No.: 11-42852-JBR

CMC Capital Management Co., LLC                         Chapter 7

                                Debtor.
---------------------------------------------------------x

## DECISION AND ORDER REGARDING DEBTOR'S AUGUST 18, 2011 MOTIONS

On August 18, 2011, Debtor pro se filed a motion, captioned as seeking a "stay of chapter 7 to allow debtor chance to get financing and retain counsel" and also requesting the Court to order her former counsel to submit a chapter 11 plan (the "Motion")(Docket No. 80). Attached to the Motion is an opposition (the "Opposition") to the Court's following Orders: the June 13, 2011, Order Converting Chapter 11 to one under Chapter 7 (the "Conversion Order") (Docket No. 36); the June 13, 2011, Order Granting Motion for Relief from Stay ("Stay Relief Order") (Docket No. 39); the August 15, 2011, Order Granting Motion To Withdraw Roy J. Lester As Attorney for CMC Management Co., LLC ("Withdrawal Order") (Docket No. 78); and the August 17, 2011, Order Granting Motion to Approve Stipulation Respecting Management and Sale of the Woodbine Street Property and Carve-Out from Secured Claim ("Order Approving Stipulation") (Docket No. 77). The Opposition also included a request that the Court authorize Debtor to amend its Schedules to exclude the personal property of the Debtor's principal.

On June 22, 2011, the Court denied the Debtor's Motion to Reconsider the June 13, 2011, Conversion Order (Docket No. 42). On July 11, 2011, the Court again denied another series of motions filed by the Debtor on July 8, 2011, which, in effect, were requesting the Court to reconsider the June 13, 2011, Conversion Order (Docket No. 58).

The Court has reviewed the Debtor's current Motion and hereby

FINDS, that to the extent the Debtor's Motion is requesting the Court to reconsider its

Conversion Order, Stay Relief Order, Withdrawal Order, and Order Approving Stipulation, it is hereby DENIED. Those issues have previously been addressed by this Court. Moreover, as stated in its earlier Order denying Reconsideration:

> A motion to reconsider is governed by Fed. R. Civ. P. 59(e) made applicable to bankruptcy cases by Fed. R. Bankr. P. 9023 or Fed. R. Civ. P. 60 made applicable to bankruptcy cases by Fed. R. Bankr. P. 9024. [T]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. A party may not submit evidence that is not newly discovered in support of a motion for reconsideration. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert denied*, 476 U.S. 1171 (1986) (citations omitted). A motion for reconsideration is appropriate when there has been a significant change in the law or facts since the submission of the issue to the court; it is not a vehicle for an unsuccessful party to rehash the same facts and same arguments previously presented. *Keyes v. National Railroad Passenger*, 766 F. Supp. 277, 280 (E.D.Pa. 1991).

(Docket No. 42 ¶ 1).

As to the Debtor's pro se request to amend the Schedules, the Court notes that the Debtor does not need permission to seek to amend its Schedules; however, a corporate debtor may not appear pro se.

IT IS SO ORDERED.



**Dated: August 23, 2011**
**Brooklyn, New York**

**Joel B. Rosenthal**
**United States Bankruptcy Judge**